IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BRIAN J. BENSON,
DIANE M. BENSON, and
JAMES BENSON,

    Plaintiffs,

v.                                  Case No. 14-CV-562

MARY SCHWARTZ et al,

    Defendants.

**ORDER ON PLAINTIFFS' MOTION TO PROCEED IN FORMA PAUPERIS**

On May 8, 2014, a complaint originally filed in the Northern District of Illinois by Brian J. Benson, Diane M. Benson, and James Benson ("the plaintiffs") was transferred to this District. (Docket # 1.) This matter is presently before me on the plaintiffs' motion to proceed *in forma pauperis*. The plaintiffs will be given leave to submit an amended complaint within thirty (30) days of the date of this order to cure the deficiencies in their complaint as set out below. If the plaintiffs choose to file an amended complaint, they must also submit separate financial affidavits.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of

commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to court. *Id.* The party instituting a civil action in a district court is required to pay a $400 fee to the court's clerk, but if the court determines that the litigant has insufficient assets, the court may authorize the commencement of the action without payment of the fee.

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Currently, I am unable to determine whether the plaintiffs are unable to pay the filing costs. Each plaintiff must submit a financial affidavit, and I must determine whether each of them is unable to pay the filing fee. *See Kelly v. City of Milwauke*, No. 12-C-0123, 2012 WL 1600446 (E.D. Wis. May 4, 2012) (analyzing each plaintiffs' financial affidavit and determining the ability, or inability, of each plaintiff to pay the filing fee in a multi-plaintiff

civil case). Therefore, the plaintiffs must each submit a financial affidavit within thirty (30) days of the date of this order. The forms will be included with the mailed copy of this order.

Turning to the second inquiry, upon review of the complaint, it does not appear that the plaintiffs have stated a claim upon which relief may be granted. Unlike state courts, which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by federal statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Federal district courts also have jurisdiction in cases where the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Upon my review of the plaintiffs' complaint, I cannot find a federal cause of action. The complaint appears to make allegations of wrongful eviction, as well as allegations involving the loss of property. These claims, however, arise neither under the Constitution nor federal statutes. Additionally, the parties do not allege diversity jurisdiction. Therefore, the complaint in its current form fails to state a claim upon which relief may be granted. The plaintiffs must, at the very least, make clear what federal law or statute has been violated.

Because the plaintiffs' complaint fails to state a claim, and because each plaintiff must submit a financial affidavit, I will defer ruling on the motion to proceed *in forma pauperis*. I will give the plaintiffs leave to amend the complaint in accordance with this decision. Plaintiffs have thirty (30) days from the date of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case (14-CV-562) and must be labeled "Amended Complaint." The plaintiffs are advised that the

amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Should the plaintiffs fail to file an amended complaint within 30 days, I will dismiss this action with prejudice. Additionally, the plaintiffs are required to submit separate financial affidavits within thirty (30) days of the date of this order if they choose to file an amended complaint.

**IT IS HEREBY ORDERED** that within thirty (30) days of this order, the plaintiffs shall file an amended complaint that complies with this Order. The plaintiffs are advised that if they do not file an amended complaint within thirty (30) days, or if their amended complaint fails to cure the deficiencies outlined above, this case will be dismissed.

**IT IS ALSO ORDERED** that the plaintiffs must submit individual financial affidavits within thirty (30) days of the date of this order if they choose to file an amended complaint. Failure to do so will result in the denial of the motion to proceed *in forma pauperis*.

Dated at Milwaukee, Wisconsin this 16th day of July, 2014.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge